## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

PRONIA HUNT

     Plaintiff,

v.

CARVANA, LLC

     Defendant.

NO. 2:24-cv-00042-JM

**JURY DEMANDED**

---

## FIRST AMENDED COMPLAINT FOR DISCRIMINATION AND RETALIATION

COMES NOW Pronia Hunt, ("Plaintiff" or "Mrs. Hunt"), by and through counsel, and respectfully submits her *First Amended Complaint for Discrimination and Retaliation*, which alleges discrimination and retaliation under the Americans With Disabilities Act of 1990, as amended, ("ADA"), the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII") against Carvana, LLC ("Defendant" or "Carvana").

### PARTIES

1. Plaintiff Pronia Hunt is a 54 year old female who resides in Marion, Arkansas, and, at all times relevant, was an employee of Defendant at their West Memphis, Arkansas, location.

2. Defendant Carvana is an Arizona Limited Liability Company with its principal address at 300 E. Rio Salada Parkway Building 1, Tempe, Arizona 85281. Defendant operates across the nation, and maintains a place of business in Crittenden County, Arkansas, at 1100 Family Dollar Drive, West Memphis, Arkansas 72301.

1

## JURISDICTION, VENUE, AND STATUTORY BASIS OF COMPLAINT

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for claims brought under the ADA, the ADEA, and Title VII.

4. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission. The EEOC issued a Notice of Right to Sue on December 5, 2023. Accordingly, this action originally filed within 90 days of receipt of the Notice of Right to Sue is timely.

5. Venue is proper as all discriminatory decisions at issue in this case occurred in West Memphis, Arkansas.

## STATEMENT OF THE FACTS

6. Mrs. Hunt was hired on July 26, 2021, as an Inventory Associate at Defendant's West Memphis, Arkansas location.

7. As part of her job, Mrs. Hunt was, among other things, tasked with maintaining accurate records of vehicles currently in inventory.

8. On or around March 22, 2022, Mrs. Hunt provided medical documents to Defendant's management that explained she could not stand or walk for extended periods of time, and she asked that reasonable accommodations be made for her condition.

9. Mrs. Hunt suffers from various medical conditions that impede her ability to undergo extensive physical activities, including a metal rod in her leg from a previous injury and chronic back pain.

10. In May of 2022, in response to Mrs. Hunt's request, Defendant's management began allowing Mrs. Hunt to begin using the business's "rover" to assist in checking inventory.

11. This rover was a vehicle equipped with cameras and sensors that could scan vehicles for inventory as it passed by. Mrs. Hunt was able to ride this rover and complete her tasks without extensive standing or walking. Mrs. Hunt was satisfied with this accommodation.

12. Sometime in the summer of 2022, there was a change in the management of Defendant's West Memphis location.

13. On or around August 3, 2022, Mrs. Hunt expressed concern to Jarius Taylor in management that her coworkers were not assisting in managing inventory, leaving a disproportionate amount of work to Mrs. Hunt.

14. On or around August 10, 2022, Mrs. Hunt was brought into a meeting with Mr. Taylor, Jeffrey Wheeler, William Richmond, and her coworkers. Mr. Taylor and Ms. King told the present coworkers that Mrs. Hunt had been complaining about them not working. In response, the coworkers began to ridicule and insult Mrs. Hunt.

15. In this meeting, Mrs. Hunt's coworkers called her a "bitch," an "old-bitch," a "blind-bitch," and more. Mrs. Hunt was left in tears, and excused herself to the bathroom so that she could compose herself.

16. Upon returning to the meeting, Mr. Taylor refused to enact any disciplinary action against the coworkers, stating that he would disregard the comments as "immaturity."

17. Management then refocused the meeting on Mrs. Hunt's concerns with her coworkers not completing their tasks. Mrs. Hunt was coerced into recanting her complaint.

18. Over the next month, Mrs. Hunt was subject to hostility and harassment from her coworkers and supervisor, Ms. King.

19. On or around September 1, 2022, Mrs. Hunt's coworker Kirk Weatherspoon informed her that management was looking for a way to take away the rover that she was using to complete her job.

20. On or around October 9, 2022, Mrs. Hunt was called into a meeting with management, including Mr. Taylor and Ms. King. In this meeting, Mr. Taylor and Ms. King informed Mrs. Hunt that she would no longer be able to use the rover.

21. The rover was then given over to two male, non-disabled employees for use.

22. After the rover was taken away, Mrs. Hunt had to endure extensive walks through the parked vehicles and scan each car individually.

23. Mrs. Hunt also began to receive additional physically intensive assignments, and her requests for less physically intensive assignments were rejected.

24. On or around October 24, 2022, Mrs. Hunt confronted Mr. Taylor about this issue, and she was informed that "someone must have something against you."

25. Mrs. Hunt continued to endure through extensive physical assignments, sometimes leaving her in such a condition that she was forced to drag her leg to walk. Her coworkers would ridicule her when this occurred.

26. On or around December 14, 2022, Mrs. Hunt submitted additional medical documentation to show her need for accommodations.

27. On or around December 27, 2022, Mrs. Hunt's doctor faxed additional documentation of her medical restrictions to Defendant for consideration.

28. On or around January 18, 2023, Mrs. Hunt was informed by Danyale Davis that they do not have any accommodations.

29. On or around January 25, 2023, Mrs. Hunt was told that Carvana could not accommodate her medical restrictions, and she was told that she was being put on unpaid leave.

30. On February 3, 2023, Mrs. Hunt filed her Charge of Discrimination with the EEOC (Number 493-2023-00654).

31. On May 4, 2023, Jeffery Wheeler with management called Mrs. Hunt and told her that she was terminated since she was no longer qualified to perform her job.

32. On May 9, 2023, Mrs. Hunt filed an Amended Charge of Discrimination with the EEOC referencing the call with Mr. Wheeler. Mrs. Hunt also noted in the Amended Charge that sex may have had a role in her discrimination.

33. On December 5, 2023, Mrs. Hunt received her Notice of Right to Sue from the EEOC.

## CAUSES OF ACTION

### Americans With Disabilities Act of 1990, as amended
### Discrimination, Failure to Accommodate, and Retaliation

34. The foregoing facts are incorporated by reference as if fully stated herein.

35. Defendant discriminated against Mrs. Hunt in violation of the ADA when it unilaterally revoked a reasonable accommodation previously made for Mrs. Hunt, namely the use of the rover.

36. Defendant discriminated against Mrs. Hunt in violation of the ADA when management harassed Mrs. Hunt by actively seeking to assign Mrs. Hunt to physically demanding tasks despite her medical conditions.

37. Defendant discriminated against Mrs. Hunt in violation of the ADA by fostering an unsafe, uncomfortable, and hostile environment where employees—including supervisors—were free to mock, ridicule, embarrass, and otherwise harass Mrs. Hunt on account of her disabilities with no repercussions.

38. Defendant violated the ADA when it failed to engage in an interactive discussion with Mrs. Hunt regarding her request for reasonable accommodations and when it failed to make reasonable accommodations for Mrs. Hunt.

39. Finally, Defendant violated the ADA when it terminated Mrs. Hunt's employment in retaliation for filing her Charge of Discrimination on February 3, 2023.

40. Defendant's actions were made with malice or reckless indifference towards Mrs. Hunt's federally protected rights.

**Age Discrimination in Employment Act of 1967, as amended**
**Discrimination and Retaliation**

41. The foregoing facts are incorporated by reference as if fully stated herein.

42. Defendant discriminated against Mrs. Hunt in violation of the ADEA when management harassed Mrs. Hunt by actively seeking to assign Mrs. Hunt to physically demanding tasks in hopes that she would resign.

43. Defendant discriminated against Mrs. Hunt in violation of the ADA by fostering an unsafe, uncomfortable, and hostile environment where employees—including supervisors—were free to mock, ridicule, embarrass, and otherwise harass Mrs. Hunt on account of her age with no repercussions.

44. Finally, Defendant violated the ADEA when it terminated Mrs. Hunt's employment in retaliation for filing her Charge of Discrimination on February 3, 2023.

45. Defendant's actions were made with malice or reckless indifference towards Mrs. Hunt's federally protected rights.

**Title VII of the Civil Rights Act of 1964**
**Discrimination**

46. The foregoing facts are incorporated by reference as if fully stated herein.

47. Defendant discriminated against Mrs. Hunt in violation of Title VII when management harassed Mrs. Hunt by actively seeking to assign Mrs. Hunt to physically demanding tasks in hopes that she would resign.

48. Defendant discriminated against Mrs. Hunt in violation of the ADA by fostering an unsafe, uncomfortable, and hostile environment where employees—including supervisors—were free to mock, ridicule, embarrass, and otherwise harass Mrs. Hunt through the use of gendered insults with no repercussions.

49. Defendant's actions were made with malice or reckless indifference towards MrFs. Hunt's federally protected rights.

## **PRAYER FOR RELIEF**

50. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

   A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

   B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits, or other compensation, including, but not limited to, back pay and front pay or reinstatement, plus prejudgment interest;

   C. Compensatory damages for the emotional harm, suffering, humiliation, and embarrassment, along with punitive damages;

   D. Punitive damages for the malicious/reckless violations of Plaintiff's federally protected rights;

   E. Attorney's Fees and the expenses of bringing this action;

   F. Other relief as this Court deems appropriate.

## **PLAINTIFF DEMANDS A JURY TO TRY ALL ISSUES**

Respectfully Submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.

By: _____

J. Mark Griffee (#2013284)
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Phone: (901) 762-0535
Fax: (901) 762-0539
mgriffee@blackmclaw.com
*Attorney for Plaintiff*